FILED & JUDGMENT ENTERED
Steven T. Salata

February 15 2022

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Donn Scott Terry** | ) | Case No. 21-30571 |
| | ) | |
| Debtor. | ) | |

## ORDER APPROVING SETTLEMENT

This matter is before the Court on the Trustee's *Motion to Approve Settlement Pursuant to Rule 9019* (the "Motion"). In the Motion, the Trustee requested Court approval of the Agreement between the Bankruptcy Estate, Donn S. Terry (the "Debtor"), and Cynthia B. Terry.[1] Having considered the Motion and for good cause shown, the Court finds, concludes, and orders the following:

1. Due and proper notice of the Motion was provided. No party objected to the relief requested.

2. Per the Debtor's Schedule A/B [Doc. 7], on the Petition Date, the Debtor owned an interest in, among other things, (i) a 2018 Toyota Tundra, (ii) a 2012 Jeep Wrangler, (iii) an account at First Citizens bank ending in 0160, (iv) an account at First Citizens Bank ending in 9907, (v) an account at Truliant Federal Credit Union ending in 4688, and (vi) an account at USAA Federal Savings Bank ending in 8481 (together, these assets, and only these assets, are hereinafter known as the "Settlement Assets").

3. The Debtor purchased a vehicle for Ms. Terry and Ms. Terry's father (Wayne Baugher) using a credit card on or about August 17, 2021. The Trustee has asserted, and the Debtor and Ms. Terry deny, that the Bankruptcy Estate holds a claim against Ms. Terry and her father related to the purchase of the vehicle.

---

[1] All capitalized terms shall have the meaning ascribed to them in the Motion.

4. Further, the Trustee has identified transfers from the Debtor's and Ms. Terry's jointly held bank accounts to Ms. Terry. The Trustee has asserted, and the Debtor and Ms. Terry deny, that one of more of these transfers is avoidable.

5. The Trustee, the Debtor, and Ms. Terry engaged in negotiations related to the disposition of the Settlement Assets, the purchase of the vehicle for Ms. Terry's father in August 2021, transfers of funds from any bank account identified in the Agreement to Ms. Terry, and the post-petition use or conversion of the Settlement Assets.

6. The Trustee, the Debtor, and Ms. Terry reached a settlement whereby the Debtor is to pay to the Bankruptcy Estate the total sum of $45,000.00 on or before January 31, 2022. Upon receipt of the Settlement Payment, in full, the Bankruptcy Estate will release, discharge, and forever waive (i) any claims it has to the Settlement Assets and (ii) the Settlement Claims. Upon the Bankruptcy Estate's receipt of the Settlement Payment, in full, Ms. Terry agrees to release, discharge, and forever waive any claims she holds against the Bankruptcy Estate.

7. The proposed settlement is reasonable, fair, and equitable, was negotiated at arm's length and in good faith, and is in the best interests of the Bankruptcy Estate and creditors.

8. The Motion is granted.

9. The Court retains jurisdiction to enforce the Agreement and to hear any disputes regarding the Agreement, including but not limited to any alleged material breach or default of the Agreement.

10. The Trustee is permitted to hold any funds related to the Agreement in an account in the name of the Bankruptcy Estate prior to approval of the Motion.

**SO ORDERED**

| | |
|---|---|
| *This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order.* | *United States Bankruptcy Court* |